UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN CALE
      Plaintiff,

-vs-                                    Case No: 2014-      - NH
                                          Hon.

MCLAREN HEALTH CARE
CORPORATION and CENTRAL
MICHIGAN COMMUNITY HOSPITAL
d/b/a MCLAREN – CENTRAL MICHIGAN
HOSPITAL, EMERGENCY MEDICINE
SPECIALISTS, P.C. and SUSAN T. FEDEWA, DO

      Defendants.
_____/

LEE I. TURNER (P21631)
TURNER & TURNER, P.C.
Attorney for Plaintiff
26000 W. 12 Mile Road
Southfield, MI. 48034
(248) 355-1727

---

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.
MCR 2.113(c)(2)(a).

BY:   /s/ Lee Turner
        LEE I. TURNER

## COMPLAINT AND JURY DEMAND

NOW COMES the above-named Plaintiff, by and through his attorneys, TURNER & TURNER, P.C., and in complaining against the above-named Defendants, states unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. That at the time of the malpractice complained of in this Compliant, Plaintiff was a resident of the City of Mt. Pleasant, County of Isabella, State of Michigan.

2. That Plaintiff is currently a resident of the City of Goshen, County of Elkhart, State of Indiana.

3. That at all times hereinafter mentioned, the Defendant, MCLAREN HEALTH CARE CORPORATION was a corporation duly organized and existing under and by virtue of the laws of the State of Michigan, and operating in the City of Flint, County of Genesee, State of Michigan; and that, at all times pertinent hereto, said Defendant has been engaged in the maintenance and operation of said hospital pursuant to MCLA 333.20141 and MCLA 333.21513, where persons afflicted with illness and disease are given care and treatment for a consideration.

4. That at all times hereinafter mentioned, the Defendant, CENTRAL MICHIGAN COMMUNITY HOSPITAL d/b/a MCLAREN – CENTRAL MICHIGAN HOSPITAL, was a corporation duly organized and existing under and by virtue of the laws of the State of Michigan, and operating in the City of Mt. Pleasant, County of Isabella, State of Michigan; and that, at all times pertinent hereto, said Defendant has been engaged in the maintenance and operation of said hospital pursuant to MCLA 333.20141 and MCLA 333.21513, where persons afflicted with illness and disease are given care and treatment for a consideration.

5. That at all times hereinafter mentioned, the Defendant, SUSAN T. FEDEWA, D.O., was engaged in the practice of her profession in the City of Mt. Pleasant, County of Isabella, State of Michigan, and was and now is duly licensed to practice medicine in the County of Isabella, State of Michigan, holding herself out to the public and to the Plaintiff in particular, as possessing and able to exercise that degree of skill, knowledge and ability generally possessed by others in the same profession, and further held herself out as a skilled and competent

osteopathic doctor capable of properly and skillfully diagnosing, treating, caring for and curing individuals seeking her services, with specialized skills in the area of Emergency Medicine.

6. That at all times hereinafter mentioned, the Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., was a corporation duly organized and existing under and by virtue of the laws of the State of Michigan, and operating throughout the State, including the City of Mt. Pleasant, County of Isabella, State of Michigan with a registered office in Fraser, Michigan; and that, at all times pertinent hereto, said Defendant has been engaged in the maintenance and operation of said business pursuant to MCLA 333.20141 and MCLA 333.21513, where persons afflicted with illness and disease are given care and treatment for a consideration.

7. Plaintiff is a citizen of Indiana and the Defendants and their corporations are in the State of Michigan. The amount in controversy, without interest and costs, exceeds $75,000.00, and, therefore, this Court has original jurisdiction under 28 U.S. C. §1332.

8. The events giving rise to this cause of action occurred in the city of Mt. Pleasant, County of Isabella, and State of Michigan.

9. Venue is proper in this district pursuant to 28 U.S.C.§ 1391(b)(2)

## COUNT I

10. That at all times pertinent hereto, Defendants MCLAREN HEALTH CARE CORPORATION and CENTRAL MICHIGAN COMMUNITY HOSPITAL d/b/a MCLAREN – CENTRAL MICHIGAN HOSPITAL (hereinafter referred to as HOSPITAL), represented and held out to the public, and in particular to Plaintiff, that said hospital was equipped, qualified, and prepared to receive the public and, in particular, Plaintiff, Sean Cale, for treatment and care, and that it employed and maintained on its staff skilled, licensed, and competent physicians, surgeons, residents, interns, nurses, physician's assistants and, in general, otherwise competent help in the conduct and operation of said hospital.

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

3

11. That at all times pertinent hereto, numerous individuals, including but not limited to doctors, nurses, assistants, etc., were held out by HOSPITAL, as the authorized agents, servants and/or employees of said Defendant, and as such, did render care, treatment and services to Plaintiff.

12. That at all times hereinbefore and hereinafter mentioned, Defendant HOSPITAL undertook and had the duty of providing Plaintiff with the necessary and proper facilities for the care and treatment of Plaintiff, Sean Cale, and to provide adequate safeguards for his health and welfare.

13. That Defendant, HOSPITAL, agreed to furnish Plaintiff with the services of competent, qualified, and licensed physicians, surgeons, residents, interns, nurses, physician's assistants, and other employees to properly diagnose conditions and to render competent advice, treatment and assistance in the care of his case, and to render such care in accordance with the standards of the community, and of the County of Isabella, and of the State of Michigan, and nationally.

14. That at all times pertinent hereto, Defendant HOSPITAL, by and through its duly authorized agents, servants, and/or employees, had the duty to provide Plaintiff with the services of a competent, qualified, and licensed staff of physicians, surgeons, residents, interns, nurses, physician's assistants and other employees to properly diagnose his condition, to render competent advice and assistance in the care and treatment of their cases, and to render same in accordance with the standards then prevailing throughout the nation.

15. That Defendant, HOSPITAL, is responsible for the operation of its hospital, the selection of the medical staff, and for the quality of care and record-keeping rendered in said hospital, pursuant to MCLA 333.20141 and MCLA 333.21513.

16. That at all times pertinent hereto, Defendant, HOSPITAL, by and through its duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend, and care for Plaintiff, Sean Cale.

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

17. That at all times pertinent hereto, Defendant, HOSPITAL, was possessed, pursuant to MCLA 333.20141 and MCLA 333.21513, by and through its administrative and supervisory staffs, with the right, duty and power to make determinations with respect to any given physician, as to whether said physicians should be granted staff privileges and, if said privileges were to be granted, the nature of such privileges, the nature of any required supervision, and the time period for which said supervision will be required.

18. That Defendant, SUSAN T. FEDEWA, D.O., owed the Plaintiff the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians specializing in the field of Emergency Medicine, and to use reasonable care and diligence in the exercise of her skill, and the application of her learning in the care and treatment of Plaintiff, Sean Cale.

19. That the duties imposed are the same whether Defendant is a medical doctor or an osteopathic *doctor.*

20. That at all times pertinent hereto, Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., represented and held out to the public, and in particular to Plaintiff, that said corporation was equipped, qualified, and prepared to receive the public and, in particular, Plaintiff, Sean Cale, for treatment and care, and that it employed and maintained on its staff skilled, licensed, and competent physicians, surgeons and nurses, and, in general, otherwise competent help in the conduct of its business.

21. That at all times pertinent hereto, numerous individuals, including but not limited to doctors, nurses, assistants, etc., were held out by EMERGENCY MEDICINE SPECIALISTS, P.C., as the authorized agents, servants and/or employees of said Defendant, and as such, did render care, treatment and services to Plaintiff.

22. That at all times hereinbefore and hereinafter mentioned, Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., undertook and had the duties of providing

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

Plaintiff with the necessary and proper facilities for the care and treatment of his condition, and to provide adequate safeguards for his health and welfare.

23. That Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., agreed to furnish Plaintiff with the services of competent, qualified, and licensed physicians, surgeons, nurses and other employees to properly diagnose conditions and to render competent advice, treatment and assistance in the care of his case, and to render such care in accordance with the standards of the community, and of the County of Isabella, and of the State of Michigan, and nationally.

24. That at all times pertinent hereto, Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., by and through its duly authorized agents, servants, and/or employees, had the duty to provide Plaintiff with the services of a competent, qualified, and licensed staff of physicians, surgeons, nurses and other employees to properly diagnose his condition, to render competent advice and assistance in the care and treatment of their cases, and to render same in accordance with the standards then prevailing throughout the nation.

25. That Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., is responsible for the operation of its business, selection of the medical staff, and for the quality of care and record-keeping rendered in said business, pursuant to MCLA 333.20141 and MCLA 333.21513.

26. That at all times pertinent hereto, Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., by and through its duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend, and care for Plaintiff, Sean Cale.

27. That at all times pertinent hereto, Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., was possessed, pursuant to MCLA 333.20141 and MCLA 333.21513, by and through its administrative and supervisory staffs, with the right, duty and power to make determinations with respect to any given physician, as to whether said physicians should be granted staff privileges and, if said privileges were to be granted, the nature of such privileges,

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034
(248) 355-1727

the nature of any required supervision, and the time period for which said supervision will be required.

28. That at all times pertinent hereto, Defendant, SUSAN T. FEDEWA, D.O. was the apparent, ostensible, implied and/or express agent of and/or was employed by Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., and was acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice, hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., by reason of the doctrine of respondeat superior/ostensible agency.

29. That at all times hereinbefore and hereinafter mentioned, the Defendant SUSAN T. FEDEWA, M.D., was held out to the public, and in particular to the Plaintiff, by Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., as an employee and/or agent of said P.C., and was acting in the course and scope of their authority, either actual or apparent, when acts of negligence and malpractice hereinafter set forth and described were committed, thereby imposing vicarious liability on Defendant, EMERGENCY MEDICINE SPECIALISTS, P.C., by reason of the doctrine of respondeat superior/ostensible agency.

30. That at all times pertinent hereto, Defendant, SUSAN T. FEDEWA, D.O.. and/or EMERGENCY MEDICINE SPECIALISTS, P.C., were the apparent, ostensible, implied and/or express agent of and/or were employed by Defendant, HOSPITAL, and were acting in the course and scope of said employment and/or agency when the acts of negligence and malpractice, hereinafter set forth and described, were committed, thereby imposing vicarious liability upon Defendant, HOSPITAL, by reason of the doctrine of respondeat superior/ostensible agency.

31. That at all times hereinbefore and hereinafter mentioned, Defendant, SUSAN T. FEDEWA, D.O., and/or EMERGENCY MEDICINE SPECIALISTS, P.C., were held out to the public and in particular, to Plaintiff, By Defendant HOSPITAL, as an employee and/or

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

agent of Defendant HOSPITAL and was/were acting in the course and scope of their authority, either actual or apparent, when acts of negligence and malpractice hereinafter set forth and described were committed, thereby imposing vicarious liability on the Defendant, HOSPITAL, by reason of the doctrine of respondent superior/ostensible agency.

32. That on or about February 2, 2012, Plaintiff, Sean Cale, did deliver and submit himself to the Defendants, and did, then and there, impliedly and/or expressedly hire and employ said aforementioned Defendants, their agents, servants and/or employees, to do that which was proper and necessary in the premises, in accordance with the standards of hospitals and physicians then prevailing in the nation, and that said aforementioned Defendants did, then and there, impliedly and/or expressedly, represent to use due, reasonable, and proper skill in the care and treatment of Plaintiff, Sean Cale.

33. That the Defendants SUSAN T. FEDEWA, D.O. and EMERGENCY MEDICINE SPECIALISTS, P.C., and the Defendant HOSPITAL, individually and through their duly authorized agents, servants and/or employees, and in disregard of their duties and obligations to the Plaintiff, and at variance to the standards of the community, were guilty of negligence and malpractice including, but not limited to, the following particulars:

a. Failed to diagnose, treat, and/or advise the patient to seek proper medical care, when they knew or should have known such medical care was necessary for a person in the patient's condition;

b. Failed to ascertain and assure that trained and competent hospital personnel were, and would be, caring for and administering to the patient, and allowed untrained, and/or unqualified personnel to care for and treat the patient;

c. Failed, despite the patient's apparent and objective symptoms, to properly/timely diagnose and discover the patient's condition or properly treat the patient;

d. Failed to conduct proper or complete examinations, and record same, of the patient, which examinations would have disclosed the patient's condition;

e. Failed to keep informed of current techniques and literature regarding recognized standards of good medical practice for the treatment and care of patients in the patient's condition;

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034
(248) 355-1727

8

f. Failed to properly observe and report the condition of the patient;

g. Failed to properly disclose to and inform the patient of all material elements of the risks involved in connection with his care and treatment, including the nature and possible consequences of the treatment, the prospects of success, the prognosis if the procedures were not performed, and alternative methods of treatment available;

h. Failed to conduct such tests and examinations as were necessary to the proper diagnosis and care of the patient;

i. After they knew or should have known of the patient's condition, failed to provide the patient with reasonably prudent and proper medical care, treatment and services;

j. Failed to consult with, and/or refer, the patient to a qualified specialist to aid them in diagnosing and providing the medical care required by the patient;

k. Failed to provide, and/or adequately carry out, procedures for consultation with other members of the medical staff regarding treatment of patients in the patient's condition;

l. Failed to properly take, record, examine, review or evaluate the medical history of the patient;

m. Failed to diagnose, care for, treat, and/or discover the patient's condition;

n. Failed to employ sufficient and competent physicians, nurses and other employees with which to provide reasonably prudent and proper medical care and service to the patient;

o. Failed to establish and enforce or reasonably comply with Federal, State, industry, and professional standards, bylaws, procedures, rules, regulations, and guidelines reasonably designed for the care of its' patients, and/or failed to comply with, or require compliance with its' own standards, bylaws, rules and regulations for the care of patients in the patient's condition;

q. Failed to assure that all employees and physicians were at all times fully apprised of the patient's condition and requirements for the patient's care;

r. Failed to keep complete, detailed and specific records concerning the progress, symptoms, and complaints demonstrated by the patient, so as to apprise treating physicians of the detailed and precise condition of the patient;

s. Failed to ascertain the skill or qualifications of doctors who treated the patient and failed to provide, or adequately carry out through medical staff, reasonable procedures for the review, and/or supervision, of medical care furnished by doctors, to the patient;

t. Failed to advise, instruct, and /or supervise medical health care professionals and nonphysician personnel regarding the proper care of the patient, the proper

Law Offices of
Turner & Turner, P.C.

26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

9

information to give to the patient, and/or to ascertain the existence of, or establish rules relating to the care and safety of persons in the patient's condition;

u. Failed to provide the patient with reasonably prudent and proper medical care, treatment and services, and/or establish reasonable procedures for the care and protection of the patient;

v. Failed to properly disclose to and inform the patient of all material elements of potential testicular torsion and including STAT consult/surgery.

w. Patient was not under any obligation to inquire whether each person who attended him, rendered medical care or treatment or medical services at said hospital was an employee or an independent contractor at Defendant hospital.

x. There was a failure by Dr Fedewa, the Hospital staff, including, but not limited to, residents, PA's and nurses, in doing those things set forth above.

y. There was a failure by the Hospital and its staffing, including, but not limited to, the doctors, residents, nurses, PA's and/or any other staff involved in patient's care, to immediately diagnose testicular torsion and to immediately and timely have this patient in surgery for testicular torsion.

z. Defendant Hospital is responsible for it's employees, agents, actual or ostensible involved in the treatment of Sean Cale.

aa. Emergency Medicine Specialists, P.C. is responsible for it's employees, agents, actual or ostensible involved in the treatment of Sean Cale.

bb. Defendant Hospital is responsible for it's employees, agents, actual or ostensible involved in the treatment of Sean Cale, including, but not limited to: Susan Fedewa, D.O.

cc. Emergency Medicine Specialists, P.C., is responsible for it's employees, agents, actual or ostensible involved in the treatment of Sean Cale, including, but not limited to: Susan Fedewa, D.O.

dd. Defendant Hospital failed to and/or negligently supervised their agents, servants and/or employees.

ee. Emergency Medicine Specialists, P.C , failed to and/or negligently supervised their agents, servants and/or employees.

ff. Defendant Hospital negligently granted staff privileges to their agents, servants, and/or employees.

gg. Defendant Hospital negligently hired their agents, servants, and/or employees.

hh. Emergency Medicine Specialists, P.C negligently hired their agents, servants, and/or employees.

Law Offices of
Turner & Turner, P.C.

26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

ii. Defendant Hospital is responsible for it's employees, agents, actual or ostensible, involved in the treatment of Sean Cale and breached the Standard of Care in all paragraphs.

jj. Emergency Medicine Specialists, P.C is responsible for it's employees, agents, actual or ostensible, involved in the treatment of Sean Cale and breached the Standard of Care in all paragraphs.

**The standard of care for specific individuals is:**

The applicable standard of practice required Susan T. Fedewa, M.D. and/or any Emergency Room Practitioners or staff, Defendant Hospital and Emergency Medicine Specialists, P.C., being vicariously liable for the actions of its agents, servants and/or employees, to appropriately treat and manage the care of Sean Cale, within the standards of the Emergency Room and, including, but not limited to the following:

1. Exercise skill and caution in forming a differential diagnosis.

2. Exercise skill and caution in forming a differential diagnosis including testicular torsion.

3. Exercise skill and caution when treating a young male with pain of recent onset radiating to the groin and/or with microscopic blood in the urine to:

    a. Perform and record a complete physical exam;

    b. Perform and record a genital exam;

    c. Perform and record a rectal exam;

    d. Perform and record an ultrasound exam;

    e. Consult STAT with a urologist//and record same;

    f. To have, or arrange for the patient to have, immediate surgery as time is of the essence.

Plaintiff incorporates here by reference the Affidavits of Merit.

34. That the Defendants' negligence and/or malpractice may have aggravated, activated or precipitated a pre-existing condition and/or the damages as alleged herein.

35. That as a direct and proximate result of the negligence and malpractice, Plaintiff has suffered and will continue to suffer severe and grievous personal injuries and damages, which include, but are not limited to, the following: extreme pain, testicular torsion (the testicle twists on the cord that provides the testicle's blood supply; the twisting of this cord

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

cuts off the blood supply to the testicle), left orchiectomy and right orchiopexy, causing extreme pain and suffering, mental anguish, mental anxiety, humiliation and embarrassment.

36  As the proximate cause of medical malpractice/negligence as set forth above:

Testicular torsion is a condition that diminishes or limits blood supply via the cord. The testicle twists on the cord that provides the testicle's blood supply. The twisting of this cord cuts off the blood supply to the testicle. It must be treated immediately to prevent permanent damage/loss of the testicle.

Time is of the essence as the torsion (twisting) diminishes or cuts off the blood supply and the testicle is damaged, or dies as is the case of Mr. Cale.

Testicular torsion must be treated timely to prevent permanent damage. The condition is a surgical emergency.

Testicular torsion is a condition that diminishes or limits blood supply via the epididymitis to the testicle. As such, time is of the essence as the blood supply diminishes and the lifesource to the testicle diminishes and the testicle ultimately dies as was the case of Mr. Cale.

37. That as a direct and proximate result of the negligence and malpractice, Plaintiff has been required to undergo medical care and treatment in order to alleviate the injuries and damages Plaintiff has sustained in an attempt to restore Plaintiff's former good health, and, Plaintiff will/may, in the future, be required to undergo further medical care and treatment, including hospitalizations and possible surgery.

38. That as a direct and proximate result of the negligence and malpractice as hereinbefore alleged, Plaintiff has suffered a loss of earnings and a permanent diminution of earning capacity.

39. That due to the Defendants' negligence and malpractice as hereinbefore alleged, the Plaintiff is unable to enjoy good health and unable to enjoy the social and recreational activities which are normal for a person of Plaintiff's age group; and, in the future, Plaintiff's participation may be limited due to the permanency of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in whatever amount above SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS the Plaintiff is found to be entitled, together with interest, costs and attorney fees.

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034

(248) 355-1727

### COUNT II – Assault and Battery/Informed Consent

1. Plaintiff repeats and realleges each and every allegation contained in all paragraphs inclusive of Count I of this Complaint, as though more fully set forth herein.

2. That the Defendants did commit an assault and battery upon the person of plaintiff.

3. Defendants failed to fully inform and advise the plaintiff of any risk/hazards involved in the treatment or lack of treatment of his condition, and failed to inform plaintiff of his condition.

4. That as a result of Defendants' failure to inform the Plaintiff of his condition and of the potential risks, alternatives, and consequences involved, Plaintiff has not been afforded the opportunity of making proper decisions with reference to Plaintiff's care and treatment, and therefore, did not give the Defendants informed consent for treatment/lack of treatment.

5. That as a direct and proximate result of the wrongful conduct and assault and battery, and lack of informed consent, Plaintiff has suffered injuries and damages as previously alleged, which allegations are incorporated herein.

WHEREFORE, Plaintiff prays for a judgment against the Defendants in whatever amount above SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS the Plaintiff is found to be entitled, together with interest, costs and attorney fees.

### COUNT III – RES IPSA LOQUITUR

1. Plaintiff repeats and realleges each and every allegation contained in all paragraphs inclusive of Counts I and II of this Complaint, as though more fully set forth herein.

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034
(248) 355-1727

2. Plaintiff's injury is of a kind which does not ordinarily occur without negligence.

3. On or about February 2, 2012, Defendants had exclusive control over Sean Cale in the Emergency Room.

4. Defendants failed to immediately diagnose testicular torsion and failed to immediately and timely have this patient in surgery for the testicular torsion

5. The injury was not due to any voluntary action or contribution on the part of Sean Cale

6. Any possible explanation of why Sean Cale suffered a testicular torsion after having been seen in the Emergency Room would be accessible to the Defendant rather than to the Plaintiff.

7. Defendants were negligent in the manner set forth in Count I, II, and III above.

8. Defendants' negligence was a proximate cause of Sean Cale's injuries as set forth above.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

Plaintiff hereby requests a trial by jury of the within cause.

TURNER & TURNER, P.C.

BY: /s/ LEE I. TURNER
LEE I.TURNER (P21631)
Attorney for *Plaintiff(s)
26000 W. 12 Mile Road
Southfield, MI 48034
(248) 355-1727

Law Offices of
Turner & Turner, P.C.
26000 W. Twelve Mile Road
Southfield, MI 48034
(248) 355-1727

DATED: January 20, 2014